# In re Objections to Nomination Petition of Carl F. Bugler for Committeeman

*Robert C. Keller*, for petitioner.
*Joseph J. Del Sordo*, for respondent.

BLOOM, *J.*, April 21, 1986 — Currently before the court is the unique question of whether a candidate for a political party office may change parties after the circulation of the nominating petition, but prior to the filing of said petitions.

The petitions involved are those for Republican committeeman and committeewoman for the 3rd

Precinct of the borough of Upland. The facts are not in dispute and can be summarized as follows:

(a) Between February 22, 1986, and March 5, 1986, respondents circulated nominating petitions for the respective offices.

(b) Prior to March 7, 1986, respondents were not registered members of the Republican Party.

(c) On March 7, 1986, respondents changed their political registration becoming members of the Republican Party.

(d) On March 10, 1986, respondents took both the circulators and candidates affidavits.

(e) On March 18, 1986, objections were filed to the instant petitions.

(f) Due to the court calendar the matter was not heard until April 16, 1986.

Thus the issue left to be decided by the court is whether a candidate may change party affiliation after circulating the petition but prior to the filing of same. For reasons explained later in this opinion, we hold that they may not.

Though both sides have submitted memoranda of law, we have been unable to find an appellate decision on point. While we are impressed with the reasoning of *In Re: Miller's Nomination Petition*, 27 D.&C.2d 676 (1963), we must distinguish the case at bar. In the affidavit taken by the circulator, it indicates that the persons who signed the petition did so with full knowledge of its contents. It has not been alleged nor do we believe it could be that the circulator advised the signers of the candidates' intention to change party registration. The signers of the petition have a right to assume that the person seeking nomination is qualified to hold the position sought.

We are also impressed by the reasoning of the court in *In Re: Petition of Rovitto*, 113 P.L.J. 465

(1965) in which the court said that while we believe that voters should be allowed to make the ultimate determination we also believe that the proper procedure should be followed in placing names on the ballot.

Unlike the facts in *Miller's Nomination Petition,* supra, all of the signatures were affixed prior to the circulator and candidate changing party registration.

While we believe the right to vote to be one of our fundamental rights, we likewise believe that the proper procedure must be followed in placing names in nomination.

For all of the above reasons, we enter the following

## ORDER

And now, this April 21, 1986, after consideration of evidence presented in open court, and after consideration of arguments of counsel and briefs submitted, it is hereby ordered and decreed and found that respondent was not a registered member of the Republican Party to which he sought a Republican position and additionally, there was insufficient evidence to show that the signers were aware of respondent's political affiliation, and therefore, the nomination petition of Carl F. Bugler is stricken.